**NANCY P. DOUMANIAN, ESQ., SBN: 168925**
**DOUMANIAN & ASSOCIATES**
**2626 Foothill Boulevard, Suite 250**
**La Crescenta, California  91214**
**Telephone:  (818) 248-4700**
**Facsimile:   (818) 248-4701**

Attorneys for Defendant,
**GLENDALE UNIFIED SCHOOL DISTRICT,** *A Public Entity*

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.P., a minor, by and through his guardian ad litem, C.P.<br><br>Plaintiff,<br><br>v.<br><br>GLENDALE UNIFIED SCHOOL DISTRICT, AND DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.  2:16-CV-01404-GW-FFM<br><br>**PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS**<br><br>**(NOTE CHANGES MADE BY COURT)** |

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order on the following terms:

1.     **THE PARTIES & RELATED PARTIES**. This Stipulation is entered into by and between the following persons or parties:

Plaintiff, A.P., a minor by and through his Guardian ad Litem, C.P., and their attorneys of record Surisa Rivers of Surisa Rivers Law Office; and

Defendant, GLENDALE UNIFIED SCHOOL DISTRICT, and its attorneys Nancy Doumanian of Doumanian & Associates.

- 1 -

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR
PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

2.     **SCOPE OF DISCOVERY**. Discovery in this matter has or will occur between the parties, and the parties anticipate that during the course of discovery in this litigation documents and information will be requested and exchanged that are or will include matters that are privileged, proprietary, confidential, private and/or otherwise protected from general and public disclosure. The parties mutually agree and stipulate to the following Protective Order in order to facilitate the production and exchange of documents and information between them for use through the final disposition of this litigation, whether through award, settlement, judgment or appeal.

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means the above-entitled proceeding (Case No. BC562719) and all discovery or information related to the pending lawsuit.

b.     "Court" means the Hon. George H. Wu, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.     "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.     "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.     "Designating Party" means the Party that designates Materials as "Confidential."

f.     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

- 2 -

g.     "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.     "Information" means the content of Documents or Testimony.

i.     "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding. "Documents" includes any documents sought by any party, including without limitation "writings" as defined in California Evidence Code Section 250.

j.     "Education records" means all information about a student that is maintained by Glendale Unified School District in any recorded way, including:

i.     date and place of birth, parent(s) and/or guardian addresses, and where parents can be contacted in emergencies;

ii.     grades, test scores, courses taken academic specializations and activities, and official letters regarding a student's status in school;

iii.     Special education records;

iv.     IEP records or 504 Plan records;

v.     Records of any School Psychologist or Counselor;

vi.     The cum file with the School District;

vii.     School records of any former or current school of either Plaintiff.

viii.     Disciplinary records;

ix.     Medical and health records that the school creates or collects and maintains;

x.     Any records of any written or other communication between the school and the family of the plaintiff;

xi.     Documentation of attendance, schools attended, courses taken, awards conferred, and degrees earned;

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

xii.    Personal information such as a student's identification code, social security number, picture, or other information that would make it easy to identify or locate a student.

k.    "Medical records" means all information provided by plaintiff's health care providers to include any medical doctor, mental health care provider (including any therapist, counsel, psychologist, psychiatrist), or any record of any medical or mental health care provider who treated or evaluated the Plaintiff at any time.

3.    The Designating Party, at his/her/its/their option shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

4.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5.    Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.

a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b.    For Testimony given in depositions the Designating Party may either:

i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

- 4 -

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR
PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

ii.     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7.     In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (45) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or

Information shall be de-designated in accordance with the Designation Objection applicable to such material.

8. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. those officers, directors, partners, members, employees and agents of all nondesignating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was

/ / /

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

g. mock jury participants who are unrelated to the Proceeding,  provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i. any other person that the Designating Party agrees to in writing.

9. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of,

and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.     Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.     operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.     prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.     to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii.     to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12.     Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

/ / /

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR
PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

13. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16.     If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18.     A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.  Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. If a Party's request to file Confidential Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

19.     The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

21.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22.     Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103

1  Parties' intent to be bound by the terms of this Stipulation and Protective Order

2  pending its entry so as to allow for immediate production of Confidential Materials

3  under the terms herein.

4      **IT IS SO ORDERED.**

5

6

7

8  DATED: October 24, 2016          _____/S/FREDERICK F. MUMM_____

9                                            HONORABLE FREDERICK F. MUMM
                                         United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR
PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103**

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, declare:

1.     My address is:  _____

_____

_____

2.     My present occupation is:  _____

_____

3.     I have received a copy of the Stipulation for Protective Order (the "Protective Order") regarding confidential information in the action entitled *A.P. v. Glendale Unified School District*, Case No. 2:16-CV-01404-GW-FFM, pending in the United States District Court, Central District of California (the "Litigation").  I have carefully read and understand the provisions of the Protective Order.

4.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any material designated "Confidential" which I receive in the Litigation.

Executed this ___ day of _____, 201__ at

_____
(city/state)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Signature

- 14 -

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR
PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE §6103**

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I, the undersigned, am employed in the County of Los Angeles, State of
California.  I am over the age of eighteen (18) years and not a party to the
within action.  My business address is 2626 Foothill Boulevard, Suite 250, La
Crescenta, CA  91214.

4

5

On **October 24, 2016**, I served the foregoing document, described as
**PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING
MINOR  PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL
EDUCATION RECORDS** in this action by:

6

7

8

☒       Submitting an electronic version of the document to ECF (Electronic
        Case Filing).

9

☐       and by placing ☐  the original of the document  ☒  true copies of the
        document in separate sealed envelopes to the following addresses:

10

11

| | |
|---|---|
| Surisa Rivers, Esq. | Attorneys for Plaintiff, |
| Sarah Gross, Esq. | A.P. by and through his guardian ad |
| Surisa Rivers Law Office | litem, C.P |
| 2529 Foothill Blvd. Suite 202 | |
| La Crescenta, CA 91214 | |
| Tel:   (818) 330-7012 | |
| Fax:   (213) 402-6077 | |
| Email: surisa@riverslawoffice.org | |
| Email: sarah@riverslawoffice.org | |

12

13

14

15

16

☒       **BY U.S. MAIL** - I deposited said envelopes in the mail at Los Angeles,
        California.  The envelopes were mailed with fully prepaid postage
        affixed thereon. I am readily familiar with Doumanian & Associates'
        practice of collection and processing correspondence for mailing.
        Under that practice, documents are deposited with the U.S. Postal
        Service on the same day stated in this proof of service in the ordinary
        course of business.  I am aware that, on motion of the party served,
        service is presumed invalid if the postal cancellation date or postage
        meter date is more than one (1) day after the date stated in this proof of
        service.

17

18

19

20

21

☒       **FEDERAL**  I declare that I am employed in the office of a member of
        the bar of this court at whose direction the service was made.

22

23

☒       Executed on **October 24, 2016**, at La Crescenta, California.

24

25

Janna Delgado
(Type or Print Name)                            (Signature of Declarant)

26

27

28

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY CONCERNING MINOR
PLAINTIFF'S SCHOOL; MEDICAL AND SPECIAL EDUCATION RECORDS