**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

1  **NANCY P. DOUMANIAN, ESQ., SBN: 168925**
**DOUMANIAN & ASSOCIATES**
2  **418 North Fair Oaks Avenue, Suite 202**
**Pasadena, California 91103**
3  **Telephone: (626) 795-5802**
**Facsimile:  (626) 795-5832**
4

5  Attorneys for Defendant,
**GLENDALE UNIFIED SCHOOL DISTRICT,** *A Public Entity*

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  A.P., a minor, by and through his            CASE NO.  2:16-CV-01404-GW-FFM
    guardian ad litem, C.P.
12                                               **GLENDALE UNIFIED SCHOOL**
                    Plaintiff,                   **DISTRICT'S RENEWED**
13                                               **STATEMENT OF**
          v.                                     **UNCONTROVERTED FACTS AND**
14                                               **CONCLUSIONS OF LAW IN**
                                                 **SUPPORT OF MOTION FOR**
    GLENDALE UNIFIED SCHOOL                      **PARTIAL SUMMARY JUDGMENT**
15  DISTRICT, AND DOES 1-10                      **AS TO THE 1ST, 2ND, 3RD, 4TH, AND**
    inclusive,                                   **5TH CLAIMS/CAUSES OF ACTION**
16                                               **IN THE COMPLAINT PER COURT**
                    Defendants.                  **ORDER OF JULY 15, 2019**
17

18                                               **FILED CONCURRENTLY WITH:**

19                                               1.  **Defendant's Notice of Motion**
                                                     **and Motion for Partial**
20                                                   **Summary Judgment;**
                                                 2.  **Declaration of Nancy P.**
21                                                   **Doumanian with Exhibits;**
                                                 3.  **Request for Judicial Notice; and**
22                                               4.  **Declaration of Dr. Amy**
                                                     **Lambert.**
23
                                                 **DATE:       OCTOBER 10, 2019**
24                                               **TIME:       8:30 A.M.**
                                                 **CTRM:       "9D"**
25
                                                 **TRIAL:      NO DATE SET**
26  ///

27  ///

28

- 1 -
GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

## GLENDALE UNIFIED SCHOOL DISTRICT'S STATEMENT OF UNCONTROVERTED FACTS

Pursuant to Central District Local Rule 56-1, Defendant GLENDALE UNIFIED SCHOOL DISTRICT ("School District") hereby submits its Statement of Genuine Issues of Material Fact in Support of its renewed Motion for Partial Summary Judgment, and per the District Court's Order of July 15, 2019.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.    Plaintiff A.P. was a student of the Glendale Unified School District during the 2014-2015 school year.  The plaintiff attended Horace Mann Elementary School which is within the Glendale Unified School District (hereinafter "the School District").  The 2014-2015 school year covers the period of about August 2014 through June 2015. | See Plaintiff's Complaint ¶ 4, attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |
| 2.    On **DECEMBER 10, 2014**, the Plaintiff eloped from school.  Glendale Police Department was called to assist *[hereinafter "the four (4) incidents"]*. | See Plaintiff's Complaint ¶ 21, attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |
| 3.    On **FEBRUARY 27, 2015**, the Plaintiff eloped from school.  He ran towards Glendale and was found one hour later by his mother *[hereinafter "the four (4) incidents"]*. | See Plaintiff's Complaint ¶ 23, attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 4. On **APRIL 1, 2015**, the Plaintiff attempted to elope from school by climbing a tree to hop over a fence and leave school.  Plaintiff's mother arrived and saw him climbing a tree. He was convinced to come down and was taken home by his mother *[hereinafter "the four (4) incidents"]*. | See Plaintiff's Complaint ¶ 25, attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |
| 5. On **MAY 13, 2015**, the Plaintiff became emotionally distressed at school and would not comply with school personnel.  He was sent to the nurse's office but then was allowed to return to class.  Concerned about his eloping, the school psychologist and another aide kept Plaintiff in the nurse's office.  Plaintiff tried to leave and began kicking and hitting staff. Police were called to the school to assist *[hereinafter "the four (4) incidents"]*. | See Plaintiff's Complaint ¶ 26, attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |
| 6. On **MAY 28, 2015**, Plaintiff and is mother, represented by counsel, filed a Due Process Complaint with the Office of Administrative Hearings [hereinafter "DUE PROCESS | See Plaintiff's Due Process Complaint, attached to the Declaration of Nancy P. Doumanian as Exhibit "B"; Plaintiff's Complaint ¶ 30, attached to the |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| COMPLAINT"].  Therein, the claimant alleged jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*. The DUE PROCESS COMPLAINT identified and was predicated on *the four (4) incidents*.  In the DUE PROCESS COMPLAINT, plaintiff/plaintiff's parent alleged a failure to properly educate and supervise the plaintiff stemming from the *foregoing four (4) incidents*.  The *four (4) incidents* were specifically identified in the DUE PROCESS COMPLAINT. | Declaration of Nancy P. Doumanian as Exhibit "A" |
| 7.      On **JULY 31, 2015**, Plaintiff's counsel submitted a Letter of Representation to the School District which was treated as a Government Tort Claim under *California Government Code Section* 910 [hereinafter "CLAIM"].  The CLAIM specifically identified the February 27, 2015 and May 13, 2015 incidents – two of the *four (4) incidents* at issue.  In the CLAIM, plaintiff's counsel identified | See Plaintiff's Tort Claim attached to the Declaration of Nancy P. Doumanian as Exhibit "B"; Plaintiff's Complaint ¶ 31, attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| the following legal claims against the School District: (1) ADA and Section 504 if the Rehabilitation Act, (2) Civil Code Section 51; and (3) Negligence and Emotional Distress. | |
| 8.    On **AUGUST 13, 2015**, the student's parent, the student's attorney (*who is the same plaintiff's counsel in the pending civil matter*) and the School District representatives met in an attempt to mediate and resolve the DUE PROCESS COMPLAINT.  The parties resolved the matter at mediation.  The parties' agreement was to be memorialized in a long form settlement agreement to be signed by the parties, their guardians and their respective attorneys. | See Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 9.    The settlement of the DUE PROCESS COMPLANT was memorialized in a document titled "FINAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS" dated **AUGUST 13, 2015**, and signed by all parties | See Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| [hereinafter "SETTLEMENT AGREEMENT"]. | |
| 10.    The SETTLEMENT AGREEMENT was signed by plaintiff's mother, by plaintiff's counsel, by the School District and by the School District's counsel. | See Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 11.    The SETTLEMENT AGREEMENT at Page 1, states as follows:  "This Agreement constitutes a full and final resolution of all known or unknown *educational claims* through and including December 19, 2015, except for claims related to the IEP team meeting that will be held in accordance with paragraph 4, herein." | See ¶ 3, Page 1 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 12.    The SETTLEMENT AGREEMENT at Page 1, states as follows:  "This Agreement shall not be construed as compromising or resolving Family's tort claim against the District related to Student's behavior incidents on February 27, 2015 and May 13, 2015." | See ¶ 3, Page 1 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 13.  The SETTLEMENT AGREEMENT at Page 1, states as follows:  "This Agreement is entered into by the Parties for the purpose of compromising and settling all disputed known and unknown education claims and issues through and including December 19, 2015, except for claims related to the IEP that will be developed in accordance with paragraph 4, herein.  It does not constitute, nor shall it be construed as, an admission of liability by the District or Family, for any purpose." | See ¶ 5, Page 1 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 14.  The SETTLEMENT AGREEMENT at Page 1, states as follows: "Parent, on behalf of herself and Student, hereby fully releases and discharges the District, including but not limited to, its part and present officials, employees, successors, predecessors, assigns, agents, attorneys, consultants, affiliates, and representatives from any and all claims, damages, liabilities, rights, and complaints of whatever kind or nature | See ¶ 6, Page 1 of Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| arising from or related to Student's education and/or educational program through and including December 19, 2015, except for the IEP that will be developed in accordance with paragraph 4, herein." | |
| 15.    The SETTLEMENT AGREEMENT at Page 2, states as follows:  "Parent, on behalf of herself and Student agree that this Agreement settles any and all claims or causes of action for attorneys' fees and costs related to the claims waived herein, through and including December 19, 2015, except for claims related to the IEP that will be developed in accordance with paragraph 4, herein." | See ¶ 1, Page 2 of Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 16.    The SETTLEMENT AGREEMENT at Page 2, states as follows:  "This release and discharge applies to any action or proceeding based on any state or federal statute, regulation, case decision, including all claims made, or that could have been made, under the IDEA, California Education Code section 56000 *et seq.*, | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 42 U.S.C. section 1983, Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973, including but not limited to, claims that were or could have been made with the Office for Civil Rights and/or California Department of Education, through and including December 19, 2015." | |
| 17.     The consideration supporting the SETTLEMENTAGREEMENT, on Pages 2 and 3, provided for the following: (1) placement of plaintiff in the TIDES Program; (2) Parent assent to placement and services offered at the June 9, 2015 IEP; (3) agreement that the placement and services offered at the June 9, 2015 IEP offers a free appropriate public education (FAPE) in the least restrictive environment (LRE); (4) District shall conduct mental health services assessment; (5) District shall convene an IEP meeting; (6) agreement regarding the student's "stay put" placement as that term is defined in federal and state laws; (7) 50 hours of | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| tutoring; (8) mileage reimbursement to the mother to take her child to and from school; and (9) District shall conduct an academic assessment of the student prior to the end of the 2015-2016 school year. | |
| 18.     As further consideration supporting the SETTLEMENT AGREEMENT, set forth on pages 2, 3 and 4, provided for the provision of additional educational services and payment of $9,000.00 in attorney's fees and costs to plaintiff's attorney Surisa Rivers.  The SETTLEMENT AGREEMENT, at Page 3, Paragraph 9, specifically provides that "this payment shall release and forever discharge the District form any and all claims for attorney fees related to the claims waived herein through and including December 19, 2015." | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 19.     The SETTLEMENT AGREEMENT at page 4, Paragraph 10 that "the Family accepts the terms of this Agreement as full consideration for their release of any and all known and | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| unknown claims against the District as described herein." | |
| 20. The SETTLEMENT AGREEMENT at Page 4, Paragraph 13, contained *California Civil Code* Section 1542 waiver and states: "Parent understands and acknowledges the significance and consequence of this waiver of section 1542, as follows: (1) she may have additional causes of action, rights, or claims and attorneys' fees or costs arising or occurring up to the effective date of this Agreement, of which she is not now aware; and (2) she may not make a further demand for any such claims, fees, or costs upon themselves or their predecessors, successors, board, employees, or agents." | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 21. The SETTLEMENT AGREEMENT at Pages 4 and 5, Paragraph 14 confirms that plaintiff's mother and plaintiff's counsel "have voluntarily resolved all disputed matters and enter into this settlement, | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| which fully disposes of all issues in controversy between the Parties." | |
| 22.    The SETTLEMENT AGREEMENT at Page 5, Paragraph 19, confirms that the Agreement contains the entire Agreement between the parties. "There are no oral understandings, terms, or conditions and neither party has relied upon any representation, express or implied, not contained in this Agreement."  Also, that "all prior understandings, terms, or conditions are superseded by this Agreement." | See ¶ 6, Page 4 of the Settlement Agreement attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 23.    On **FEBRUARY 9, 2016,** Plaintiff filed this civil Complaint with this Court which contains the following causes of action: (1) Americans with Disabilities Act; (2) Section 504 of the Rehabilitation Act; (3) The Unruh Civil Rights Act under Civil Code Section 51; (4) Article I, Section 7A of the California Constitution; (5) Article IX of the California Constitution; and (6) Negligence, stemming many of the identical claims as those released in the | See Plaintiff's Complaint at Paragraphs 21, 23, 25, and 26 attached to the Declaration of Nancy P. Doumanian as Exhibit "D" |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| SETTLEMENT AGREEMENT.  The *four (4) incidents* that occurred during the 2014-2015 school year.  The *four (4) incidents* are referenced in the CLAIM, in the SETTLEMENT AGREEMENT and in the CIVIL LAWSUIT.  All of the factual allegations in the CLAIM, the SETTLEMENT AGREEMENT and in the CIVIL LAWSUIT all arise from the same set of operative facts – the education and supervision of the plaintiff in the 2014-2015 school year while he was a student at Horace Mann Elementary School. | |
| 24.     On **SEPTEMBER 3, 2015**, the School District rejected Plaintiff's Government Tort Claim and informed plaintiff's counsel that she had six months from the date of rejection of the CLAIM in which to file a lawsuit. [*Under Government Code Section 945.6 et seq., the entity can accept, reject or return the Government Tort Claim as untimely or defective but informing a claimant that some or all* | See School District's rejection of the Tort Claim attached to the Declaration of Nancy P. Doumanian as Exhibit "C" |

- 13 -

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| *of the claims presented are the subject of a release or settlement is not among those statutory options available.*] | |
| 25.     Except for Plaintiff's Sixth Cause of Action for Negligence which was excluded from the scope of the SETTLEMENT AGREEMENT (which would be the state law tort claims), all remaining claims in the Complaint are barred by the RELEASE AND SETTLEMENT AGREEMENT signed by the plaintiff's mother and plaintiff's counsel *prior* to the filing of this lawsuit. | See Settlement Agreement, ¶ 6, Page 1 attached to the Declaration of Dr. Amy Lambert as Exhibit "A" |
| 26.     On **April 28, 2017**, after the District Court granted partial summary judgment and declined to exercise supplemental jurisdiction over the plaintiff's state law claims, a Judgment was issued in the defendant's favor. | See Declaration of Nancy Doumanian, and its attached Exhibits "E", "F", "G" and "H" |
| 27.     On **April 13, 2017**, the plaintiff filed a civil lawsuit with the Los Angeles Superior Court to pursue the state law claims.  This action remains pending in the State Court. | See Declaration of Nancy Doumanian, and its attached Exhibit "I" (citing to court docket) |

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV'T. CODE § 6103**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 28.   The plaintiff is no longer a student of the Glendale Unified School District.  He relocated to the Palmdale following his mother's/guardian's remarriage. | See Declaration of Nancy Doumanian, and its attached Exhibit "K" (citing to deposition testimony of plaintiff's guardian/mother) |

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

## CONCLUSIONS OF LAW

1.      The plaintiff's 1st, 2nd, 3rd, 4th and 5th claims re barred by the August 13, 2015 Release and Settlement Agreement signed by the plaintiff's mother and plaintiff's counsel in which they released claims relating to the provision of educational services and access to a free and appropriate public education.

2.      The plaintiff's Sixth Claim for Negligence is not barred by the August 13, 2015 Release and Settlement Agreement signed by the plaintiff's mother and plaintiff's counsel given that the Agreement excepted from its scope the "student behavior incidents on February 27, 2015 and May 13, 2015."

3.      Defendant has moved for partial summary judgment based on Defendant's Forty-First Affirmative Defenses for claims barred by the doctrine of release.  As there are no triable issues of material fact regarding Defendant's Forty-First Affirmative Defenses, they can be determined on partial summary judgment.

4.      Partial summary judgment may be granted where there is "no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law" or to one or more claims.  Fed. R. Civ. Proc. 56(c); *British Airways Bd. V. Boeing Co.* (1978) 585 F.2d 946, 951.

5.      California law governs the dispute because the Settlement Agreement itself states that California law shall govern its interpretation.  "[A] written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations." *Brandwein v. Butler* (2013) 218 Cal. App. 4th 1485, 1505.  If contractual language is clear and explicit, it governs." *Civil Code* Section 1636; *Universal Sales Corp. v. Cal., etc. Mfg. Co.* (1942) 20 Cal.2d 751, 761.  If possible, the Court should give effect to every provision, each clause helping to interpret the others.  *Civ. Code* Section 1641; *White v. Dorfman* (1981) 116 Cal.App.3d 892, 897.  Words in a written instrument are to be understood in their ordinary and popular sense.  *Civ. Code* Section 1644.

- 16 -

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

An interpretation which renders part of the instrument to be surplusage should be avoided. *Estate of Newmark* (1977) 67 Cal.App.3d 350, 356.

6. Plaintiff's parents and the School District entered into the Settlement Agreement pursuant to an all-day mediation on August 13, 2015. The agreement was signed by all parties and expressly resolved Plaintiff's educational claims and related claims arising from the 2014-2015 school year, except for the "tort claim against the District related to Student's behavior incidents on February 27, 2015 and May 13, 2015."

8. It is undisputed that Plaintiff signed and accepted the terms of the agreement on August 13, 2015. A release is the "abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced … and its effect is to extinguish the cause of action." *Marder v. Lopez* (2006) 450 F.3d 445, 449. Under California law, "settlement of disputes is strongly favored public policy, for settlement reduces costs for all parties." *Bradley v. Chiron Corp.* (1998) 136 F.3d 1317, 1322.

9. The settlement agreement contains an integration clause, which states: "This Agreement contains the entire agreement between the Parties. There are no oral understandings, terms, or conditions and neither party has relied upon any representation, express or implied, not contained in this Agreement. All prior understandings, terms, or conditions are superseded by this Agreement." The contract is the final expression of the parties' agreement with respect to such terms that are included therein. *Code of Civil Procedure* Section 1856(a); *Esbensen v. Userware Int'l, Inc.* (1992) 11 Cal.App.4th 631, 637. The presence of an integration clause is persuasive, if not controlling, on the issue of integration. *Banco Do Brazil, S.A. v. Latian, Inc.* (1991) 234 Cal.App.3d 973, 1002-03.

PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103

10.     The Settlement Agreement did not provide for any monetary payment to the plaintiff.  The Settlement Agreement provided for payment to Attorney Surisa Rivers in the amount of $9,000.00.

11.     Defendant's Motion for Partial Summary Judgment based on Defendant's Forty-First Affirmative Defenses for Release should be granted as to the 1st, 2nd, 3rd, 4th and 5th Claims/Causes of Action in the Operative Complaint.

12.     No minor's compromise pursuant to Probate Code Section 3500(b) or any other court review or approval (under FRCP 17 or otherwise) is needed for a settlement of a due process claim filed with the Office of Administrative Hearings ("OAH").  Such settlements are never subject to federal or state court review or approval.  There is no case law or statutory authority in support of plaintiff's proposition that a settlement for educational services (with no payment of money but provision of services only) through the OAH process is subject to any court review or approval.

13.     The plaintiff filed a state law action as to the tort claims that were not a part of the partial summary judgment granted and which concerns the state law claims that the District Court declined to exercise supplemental jurisdiction, and this state court action remains pending.

DATED:  September 9, 2019                    ***DOUMANIAN & ASSOCIATES***

By: /s/ Nancy P. Doumanian
NANCY P. DOUMANIAN, ESQ.
Attorneys for Defendant,
GLENDALE UNIFIED SCHOOL
DISTRICT, A Public Entity

GUSD'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**PUBLIC ENTITY DEFENDANT, NO FILING FEE PER GOV' T. CODE § 6103**

# <u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 418 North Fair Oaks Avenue, Suite 202, Pasadena, California 91103.

On **September 9, 2019**, I served the foregoing document, described as **GLENDALE UNIFIED SCHOOL DISTRICT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** in this action by:

☒     Submitting an electronic version of the document to ECF (Electronic Case Filing).

☐     and by placing ☐ the original of the document ☐ true copies of the document in separate sealed envelopes to the following addresses:

| | |
|---|---|
| Surisa Rivers, Esq. | Shawna Parks, Esq. |
| Sarah Gross, Esq. | Law Office of Shawna L. Parks |
| Surisa Rivers Law Office | 4470 W. Sunset Blvd., Suite 107-347 |
| 2529 Foothill Blvd. Suite 202 | Los Angeles, CA 90027 |
| La Crescenta, CA 91214 | 323.389.9239 (phone & fax) |
| Tel:    (818) 330-7012 | sparks@parks-law-office.com |
| Fax:   (213) 402-6077 | Attorneys for Plaintiff, |
| Email: surisa@riverslawoffice.org | A.P. by and through his guardian ad |
| Email: sarah@riverslawoffice.org | litem, C.P |
| Attorneys for Plaintiff, | |
| A.P. by and through his guardian ad | |
| litem, C.P | |

☐     **BY U.S. MAIL** - I deposited said envelopes in the mail at Los Angeles, California.  The envelopes were mailed with fully prepaid postage affixed thereon.  I am readily familiar with Doumanian & Associates' practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day stated in this proof of service in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date stated in this proof of service.

☒     **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒     Executed on **September 9, 2019**, at Pasadena, California.

| | |
|---|---|
| Nancy Doumanian | /s/ Nancy Doumanian |
| (Type or Print Name) | (Signature of Declarant) |